IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JULIO ANTONIO SOTO PEREZ, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Case No. CIV-26-1706-D |
| TODD BLANCHE et al., | ) ) | |
| Respondents. | ) | |

## REPORT AND RECOMMENDATION

Petitioner Julio Antonio Soto Perez, an immigration detainee, seeks habeas corpus relief under 28 U.S.C. § 2241. Doc. 1.[1] United States District Judge Timothy D. DeGiusti referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. The Government submitted its Court-ordered response. Doc. 12. Because Petitioner is no longer in custody and this Court can grant no relief to him, the undersigned recommends the Court dismiss the petition as moot.

## I.    Petitioner's claims.

Respondents have detained Petitioner since June 22, 2026. Doc. 1, at 1. In three grounds for relief, Petitioner complains his detention violates: (1) 8

---

[1]    Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

U.S.C. § 1231(a)(6), as construed by *Zadvydas*,[2] (2) his procedural due process rights, and (3) his substantive due process rights. *Id.* at 10-14. He asks the Court to order that he not be transferred outside the Western District of Oklahoma unless it is to return him to the Southern District of Florida; to issue an order to show cause ordering Respondents to show cause why the Petition should not be granted within three days;[3] to declare that his detention violates the Fifth Amendment's Due Process Clause; and to order his immediate release or a lawful bond hearing. *Id.* at 14.

## II.    Screening.

This Court must review a habeas petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts;[4] *see also Garza v. Davis*, 596 F.3d

---

[2]    *Zadvydas v. Davis,* 533 U.S. 678 (2001).

[3]    The Court addressed Petitioner's requests in part in its order directing Respondents to respond to the Petition. Doc. 9.

[4]    The Court may apply the Rules Governing § 2254 Cases to habeas petitions arising under § 2241. *See* Rule 1(b); *Whitmore v. Parker*, 484 F. App'x 227, 231 n.2 (10th Cir. 2012) ("The Rules Governing 2254 Cases may be applied discretionarily to habeas petitions under § 2241." (citing *Boutwell v. Keating*, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005))).

1198, 1205 (10th Cir. 2010) (holding that a federal court possesses "the discretion . . . to dismiss the 28 U.S.C. § 2241 petition if it appear[s] that the petitioner was not entitled to relief"). Having screened the petition, the undersigned recommends the Court dismiss the petition as moot.

### III.   The petition is moot because Petitioner is no longer in custody.

In their Response, Respondents advise the Court that Petitioner was removed to Guatemala on July 23, 2026. Doc. 12, at 1.

"The writ of habeas corpus shall not extend to a prisoner unless . . . he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he 'in custody' requirement of § 2241 is satisfied" if a petitioner files the habeas application while they are incarcerated. *King v. Ciolli*, 2024 WL 1179908, at *2 (10th Cir. Mar. 19, 2024) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998), & *Riles v. INS*, 310 F.3d 1253, 1256 (10th Cir. 2002)).

A § 2241 petition must be filed in the district where the prisoner is confined. *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). "[J]urisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985); *cf. Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004).

Petitioner was confined in this district when he filed his § 2241 petition. *See* Doc. 1, at 1. But he is no longer in custody because Respondents have removed him to his home country of Guatemala. *See* Doc. 12, at 1. Although this Court's jurisdiction attached when Petitioner filed his habeas corpus petition, his release from custody renders his petition moot.

Under Article III of the Constitution, federal courts may only adjudicate live controversies. *See Alvarez v. Smith*, 558 U.S. 87, 92 (2009) ("An actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975))). A case becomes moot "if an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party . . . ." *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)).

"Mootness . . . is a fundamental bar to judicial review that must be accounted for at all stages of a proceeding, and applies in habeas as in any other type of litigation." *Miller v. Glanz*, 331 F. App'x 608, 610 (10th Cir. 2009). A habeas petition does not become moot merely because a petitioner is no longer in custody. Rather, the relevant inquiry is whether the petitioner is subject to collateral consequences "adequate to meet Article III's injury-in-fact requirement." *King*, 2024 WL 1179908, at *2 (quoting *Spencer*, 523 U.S. at 14).

4

Once Respondents released Petitioner from their custody, he no longer had a redressable injury arising from his detention. *See id.* (holding that a "petitioner must demonstrate some concrete and continuing injury" to overcome mootness after release from custody (quoting *Spencer*, 523 U.S. at 7)). So the best this Court could do would be to declare he was wrongfully in custody in the first place. But that determination is wholly outside this Court's jurisdiction. *See, e.g.*, *Olola v. U.S. Att'y Gen.*, 2018 WL 11446899, at \*2 (D. Colo. Mar. 7, 2018) ("Applicant may not use a § 2241 habeas application challenging the lawfulness of federal custody to seek review of an order of removal in federal district court. . . . The courts of appeals are the sole and exclusive means for judicial review of challenges to removal orders, and district courts are divested of jurisdiction to do so." (citing 8 U.S.C. § 1252(a)(5)); *see also Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006) ("The district court lacked jurisdiction to consider Ferry's petition insofar as it challenged the DHS's administrative order of removal."); *Essuman v. Gonzales*, 203 F. App'x 204, 211 (10th Cir. 2006) ("The Real ID Act eliminates a district court's jurisdiction over habeas petitions challenging final orders of removal." (internal quotation marks omitted)); 8 U.S.C. § 1252(a)(5); (b)(8)(C); (b)(9). So the Court should dismiss the petition as moot.

## IV.    Recommendation and notice of right to object.

5

Petitioner's release from custody and removal to Guatemala renders his petition moot because there is no live case or controversy for this Court to decide. The undersigned therefore recommends the Court dismiss the habeas corpus petition as moot. Doc. 1.[5]

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of Court on or before August 5, 2026, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to file a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 31st day of July, 2026.

---

[5] The undersigned notes that while the time for Petitioner to reply to the Government's response has not lapsed, *see* Doc. 9, this Report and Recommendation provides Petitioner with notice, and he can present his position by objecting to the recommendation. *See Smith v. Dorsey*, 30 F.3d 142, 1994 WL 396069, at *3 (10th Cir. July 29, 1994).

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

7